# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LARRY ETTEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>U.S. FOOD SERVICE, INC. and MAC RISK MANAGEMENT, INC.,<br><br>　　　　Defendants. | No. C-05-0083-LRR<br><br>ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

_____

## *TABLE OF CONTENTS*

*I.*　　*BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*　　*ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*III.*　　*CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

　　　　Before the court is Plaintiff Larry Etten's Motion for Partial Summary Judgment ("Motion") (docket no. 4). Defendants U.S. Food Service, Inc. ("U.S. Food") and MAC Risk Management, Inc. ("MAC") have filed a joint Resistance. The matter is fully submitted and ready for decision.

## *I. BACKGROUND*

　　　　On April 6, 2005, Etten filed a Petition at Law against Defendants in the Iowa District Court In and For Linn County. Etten alleged a tort claim against his employer, U.S. Food, for bad-faith refusal to pay workers' compensation benefits.[1] Etten claims he

---

　　　　[1] Etten's Petition at Law named MAC as a co-defendant. U.S. Food, which is self-
(continued...)

was injured on the job on two occasions in 2003, but U.S. Food refused his requests for medical treatment, healing benefits and permanent partial disability payments. Etten claims U.S. Food's refusal was in bad faith and without a reasonable basis. Etten seeks compensatory damages, including damages for mental suffering, psychological injuries and destruction of his credit rating. Etten also claims U.S. Food's actions justify an award of punitive damages.

On May 6, 2005, U.S. Food removed the case to this court. U.S. Food invoked the court's diversity jurisdiction. Etten is a resident of Iowa; U.S. Food is a Delaware corporation with its principal place of business in Maryland. The amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) (setting forth diversity jurisdiction of federal courts).

On August 18, 2005, Etten filed the instant Motion. In the Motion, Etten points out that, on October 29, 2004, a Deputy Iowa Workers' Compensation Commissioner ("the Deputy") ruled in a contested case proceeding that Etten was entitled to healing benefits, permanent partial disability payments and penalty benefits. In awarding penalty benefits, the Deputy found Etten's workers' compensation claim was not "fairly debatable" and U.S. Food's refusal to pay Etten healing benefits and partial disability payments was "unreasonable." In the Motion, Etten asserts the doctrine of issue preclusion and contends the Deputy's findings in the workers' compensation case preclude U.S. Food from denying

---

[1](...continued)
insured, apparently hired MAC to administer its workers' compensation claims. Although the Petition at Law named MAC as a defendant, it did not allege that MAC committed a tort and did not seek any damages against MAC. The court, therefore, omits further reference to MAC in this Order. Even if the court were to assume Etten were asserting the same cause of action against MAC as it does against U.S. Food, the court would deny the instant motion as to MAC for the same reasons expressed herein.

liability in this bad faith tort action.

On September 11, 2005, U.S. Food filed a Resistance. U.S. Food claims a relatively recent Iowa Supreme Court case, *McIlravy v. North River Insurance Co.*, 653 N.W.2d 323 (Iowa 2002), is procedurally identical and rejects Etten's argument.

## *II. ANALYSIS*

The court concludes *McIlravy* controls the result in this case because it is procedurally identical. In *McIlravy*, the plaintiff was injured on the job and sought benefits from his employer. *McIlravy*, 653 N.W.2d at 326. The employer's workers' compensation carrier refused to award benefits. *Id.* at 327. McIlravy filed a contested case proceeding before the Iowa Workers' Compensation Commissioner. *Id.* McIlravy was awarded benefits, including penalty benefits for the carrier's unreasonable denial of his claim. *Id.* McIlravy subsequently filed a tort action in Iowa district court against the carrier for bad-faith refusal to pay benefits. *Id.* McIlravy moved for partial summary judgment. *Id.* McIlravy asserted issue preclusion and argued that "the element of the bad faith tort requiring him to establish the absence of a reasonable basis for denying benefits was established as a matter of law . . .when the . . . commissioner awarded penalty benefits . . . ." *Id.*

The Iowa Supreme Court ruled issue preclusion was not applicable and affirmed the denial of McIlravy's partial summary judgment motion. *Id.* at 328-30. The Iowa Supreme Court explained:

> McIlravy seeks to intermingle two distinct methods by which a self-insured employer or an employer's workers' compensation carrier may be penalized due to their delay in payment of workers' compensation benefits.
>
> The first method is described by statute. It arises from the

language of Iowa Code section 86.13, which states in part: "If a delay in commencement or termination of benefits occurs without reasonable or probable cause or excuse, the workers' compensation commissioner shall award [penalty] benefits."
. . . . A delay in commencement of benefits is permissible if . . . the employer had a reasonable basis to contest the employee's entitlement to benefits. A reasonable basis for denial of the claim exists if the claim is fairly debatable.

The second method by which a self-insured employer or employer's workers' compensation carrier may be penalized for a delay in payment of benefits is by a private cause of action for first-party bad faith. . . . [T]o establish a claim for first-party bad faith, the insured must prove two facts: (1) that the insurer had no reasonable basis for denying benefits under the policy and, (2) the insurer knew, or had reason to know, that its denial was without basis.

Given the use of the phrase "reasonable basis" in the standard for imposition of the statutory penalty and in the standard for imposition of a civil penalty, it is understandable that McIlravy would utilize the potential preclusive effect one reasonable basis determination would have on the other reasonable basis determination in either of the particular contexts in which the standards apply.

[Yet] there are a number of differences between the statutory and common law provisions under which McIlravy has sought redress. The most significant for this case is the difference in burdens of proof placed on the parties in the two different proceedings. In the administrative context, where the . . . commissioner is responsible for applying the provisions of section 86.13, the defendant/employer or carrier bears the burden of proving that its denial of benefits had a reasonable basis. On the other hand, in a civil case where the trier-of-fact is responsible for applying the common law standards of the first-party bad faith tort, the plaintiff/insured bears the burden

of proof.

*Id.* at 329-30 (citations and internal quotation marks omitted). Because of this difference in the burden of proof, the Iowa Supreme Court concluded issue preclusion did not apply and affirmed denial of McIlravy's motion for partial summary judgment. *Id.* at 330 (citing, in part, *Heidemann v. Sweitzer*, 375 N.W.2d 665, 667-68 (Iowa 1985) (stating doctrine of issue preclusion is inapplicable where "the burden has shifted")).

In the instant case, like in *McIlravy*, the burden has shifted. In Etten's workers' compensation case, the burden was on U.S. Food to show its failure to pay benefits was reasonable. *Id.* In this civil suit, Etten has the burden of proof. *Id.* Given the different burdens of proof, issue preclusion is inapplicable in this case. *Id.* Etten's Motion shall be denied. *Id.*

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Larry Etten's Motion for Partial Summary Judgment (docket no. 4) is **DENIED.**

**DATED** this 14th day of November, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA