# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

LARRY ETTEN,

    Plaintiff,

vs.

U.S. FOOD SERVICE, INC., and MAC RISK MANAGEMENT, INC.,

    Defendants.

No. C05-0083

**ORDER**

_____

        This matter comes before the court pursuant to plaintiff's December 30, 2005 motion to compel and/or request for in camera review (docket number 21), and the parties' February 8, 2006 joint motion for extension of time to resist defendants' motion for summary judgment (docket number 28). Plaintiff's motion to compel is granted in part and denied in part, as set forth below, as is the joint motion to extension of time to resist defendant's motion for summary judgment. The court will first address plaintiff's motion to compel.

        Specifically, plaintiff seeks production of the claim adjuster's notes, file notes, activity notes, and/or any other documents which reflect all activity regarding plaintiff's file. Plaintiff requests that this information be produced through May 9, 2003, which is the date defendants contend the decision was made to deny plaintiff's benefits. Plaintiff further requests that the defendant be ordered to product all other documentation past May 9, 2003 that is relevant to the denial of plaintiff's worker's compensation claims.

        Defendant resists plaintiff's motion, arguing that the documents at issue privileged from disclosure as opinion work product and that sections of the MAC claims manual sought (Litigation Management, Reserving Practices, and Settlement Authority) have no relevance in this case. Defendant contends that it has produced all file documentation

1

created prior to May 9, 2003 except the reserves set and noted on page two of the claims diary /journal, which is clearly not discoverable. Documents created after plaintiff's claim for benefits was denied on May 9, 2003, defendant argues, were created in anticipation of litigation and constitute undiscoverable work product.

According to plaintiff's brief, the documents at issue fall into four separate categories and encompass Interrogatories 8 and 13, and Request for Production of Documents 12 through 16 and 19. The first category of documents include those in the insurance claim file predating the denial of benefits on May 9, 2003. The second category of withheld documents includes the insurance claim file concerning defendants' continuing investigation of plaintiff's claim after May 9, 2003. The third category of withheld information involved redacted portions of the claim diary from defendants' claim file. Finally, the defendants have refused to produce portions of MAC's Workers' Compensation Claims Handling Procedures Manual as irrelevant.

<u>The Work-Product Privilege</u>

The work product doctrine was established in <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947), and is now set forth in <u>Fed. R. Civ. P.</u> 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As set forth in Rule 26(b)(3), the work product privilege only protects documents from discovery that were "prepared in anticipation of litigation." Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987). Deciding whether the documents were prepared in "anticipation of litigation" is a factual determination. Id.

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

Id. (Quoting 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2024, at 198-99 (1970) (footnotes omitted).

The party asserting the work product privilege bears the burden of providing a factual basis for establishing the applicability of the privilege. St. Paul Reinsurance Co., Ltd. V. Commercial Fin. Corp., 197 F.R.D. 620, 628 (N.D. Iowa 2000). "The party asserting the privilege 'me[ets] its burden of providing a factual basis for asserting the privilege[] when it produce[s] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its . . . counsel.'" Id. (quoting In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 925 (8th Cir.), cert denied, 521 U.S. 1105 (1997)). Upon meeting this burden, the burden shifts to the party opposing the privilege to prove "substantial need" and "undue hardship" in order to obtain the materials. Id.

Work product has been separated into two categories, i.e., ordinary work product and opinion work product. Id. Ordinary work product includes raw factual information, and is not discoverable unless the party seeking the information demonstrates a substantial need for the material and an inability to obtain the substantial equivalent of the material by other means. Id. (Citing Gundacker v. Unisys Corp., 151 F.3d 842, 848 n. 4 (8th Cir. 1998), Fed. R. Civ. P., 26(b)(3)). Opinion work product, on the other hand, includes counsel's mental impressions, conclusions, opinions or legal theories. Id. at n. 5. Opinion

3

work product is only discoverable in rare and extraordinary circumstances, such as when the material demonstrates illegal conduct or fraud. Id. (Citing In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)). "While the 'work product' may be, and often is, that of an attorney, the concept of 'work product' is not confined to information or materials gathered or assembled by a lawyer." Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 603 (8th Cir. 1977).

Waiver of the work product privilege may occur when a party fails to assert the privilege properly. St. Paul Reinsurance Co., Ltd. 197 F.R.D. at 640; Rabushka v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997) (the party asserting the privilege "me[ets] its burden of providing a factual basis for asserting the privileges when it produce[s] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its . . . counsel"); Triple Five of Minnesota v. Simon, 212 F.R.D. 523, 527-28 (D. Minn. 2002) (finding that party asserting work product privilege met its factual basis burden by providing a detailed privilege log and a comprehensive, sworn statement from its in-house counsel).

## Analysis

With respect to the first category of documents, i.e., those in defendants' claim file that predate May 9, 2003, the plaintiff argues that these documents are not work product, but rather created as a function of defendants' ordinary business tasks. Without conceding that the aforementioned documents are not work product, defendants respond that all file documentation created prior to May 9, 2003 has now been produced to the plaintiff except for the reserves set. The reserves, defendants argue, are work product, and they are also not likely to lead to the discovery of admissible evidence in this bad faith denial claim.

The court agrees with the defendants. See Simon, 816 F.2d at 401 ("The individual case reserve figures reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim. By their very nature they are prepared in anticipation of litigation and, consequently, they are protected from discovery as opinion work product."). To the extent that the defendants have not produced everything in the

claims file predating May 9, 2003, they shall do so immediately. Otherwise, plaintiff's motion to compel with regard to this category of documents is denied.

With respect to the second category of documents, i.e., the insurance claim file concerning defendants' continuing investigation of plaintiff's claim after May 9, 2003, the plaintiff claims that the documents evincing the continued factual investigation into plaintiff's claim are not protected by the work product privilege and are, therefore, discoverable. Plaintiff further argues that defendants have waived any work product privilege that may have applied to these documents by failing to include these documents in their privilege log and not providing an explanatory affidavit of counsel.

Defendants resist, arguing that plaintiff's request is overbroad as it seeks production of documents created after August 15, 2003, the date plaintiff's counsel notified defendant MAC of his representation of plaintiff and after the workers' compensation petition was filed on October 27, 2003. Defendants further contend that litigation was obviously anticipated after plaintiff's claim was denied on May 9, 2003, making any documents created after that time privileged work product.

Of the discovery requests and responses complained of, only Interrogatory No. 13 appears to request information encompassing defendants' investigation into plaintiff's claim beyond May 9, 2003. Defendants' initial response to Interrogatory No. 13 "object[ed] to the request for production of file materials that were prepared in anticipation of litigation and which are protected work product." Defendant's supplemental response, provided after plaintiff filed his motion to compel stated that "[d]efendants are not waiving any objection to the work product status of documents created after the date Plaintiff's claim was denied (May 9, 2003). They have, however, produced additional claims file/journal entries in the Second Supplemental Response to Request for Production that are responsive to this Interrogatory." No post May 9, 2003 documents, however, were included in the privilege log produced by the defendants, and there was no explanatory affidavit of counsel provided with the log. Therefore, the court finds that defendants have waived their work product privilege with respect to the post May 9, 2003 documents in the claim file. Thus,

to the extent that defendants' post May 9, 2003 claims file/journal entries have not already been produced to the plaintiff, they shall be produced at once.

The third category of withheld information involves redacted entries of the claim diary from defendants' claim file. Defendants explain that the redactions are post May 9, 2003 entries. As the court has already found that defendants waived privilege with respect to this information, an unredacted claim diary from defendant's claim file shall be produced to the plaintiff immediately.

Finally, plaintiff requests that the defendants be ordered to produce the "Litigation Management," "Reserving Practices," and "Settlement Authority" sections of MAC's Workers' Compensation Claims Handling Procedure Manual. Plaintiff argues that such documents were prepared as part of defendants' ordinary course of business and not "in anticipation of" specific litigation, thereby falling outside the purview of work product. Plaintiff argues that these documents are relevant because they could shed light on whether MAC is "prepositioned to follow a decision tree in determining whether" to accept or deny a claim, and that plaintiff's claim may have been the type "that MAC would routinely deny."

Defendant counters that the sections not produced are not relevant to his claim or likely to lead to the discovery of admissible evidence. Defendants have produced the "Case Management/Investigations," "Medical Management," "Required File Reviews," "Disability Management/Vocational Rehabilitation," "Communications," and "Administration" sections of the MAC's Workers' Compensation Claims Handling Procedure Manual. The withheld sections are not relevant to plaintiff's bad faith claim.

The court agrees with the defendants that the withheld sections are not reasonably calculated to lead to the discovery of admissible evidence and, consequently are not discoverable. Plaintiff's motion to compel production of these documents is denied.

The remaining issues raised in plaintiff's motion not already addressed by the court involve Interrogatory No. 18 and Request for Production of Documents No. 15. Interrogatory No. 18 states:

> Has the defendant ever been sued or had litigation instituted against it based upon bad faith or negligence in claims handling or claims adjustment, if so state the following:
>     a.    Name of the case:
>     b.    Case file number;
>     c.    Name and address of plaintiffs' counsel;
>     d.    name and address of defense counsel;
>     e.    Outcome of the case;
>     f.    If settled or verdict rendered against, the amount date claim [sic] was asserted; and
>     g.    Date claim resolved.

Defendants initially objected to the Interrogatory No. 18 as overbroad, unduly burdensome, and seeking information that is not relevant or likely to lead to the discovery of admissible evidence. Defendants supplemented their objection, stating that Interrogatory No. 18 is overbroad in that it is unlimited as to geography, time, type of case, and defendant, and not relevant in this case where the sole issue is whether a reasonable basis existed for the denial of plaintiff's claim.

Request for Production of Documents No. 15 requests that defendants produce "[t]he amount of claims paid by Defendant in the State of Iowa for the last five (5) years." Defendants initially objected to Request No. 15, claim it "seeks documents that are not relevant or likely to lead to the discovery of admissible evidence." Defendants supplemented their objection, stating that the request was also overbroad in that it is "unlimited as to the type of claim for which information is sought."

Plaintiff argues that he is entitled to this information as it may reveal a relevant "pattern" of claims handling practices by the defendants that would be relevant to his case. Plaintiff further challenges defendants "unduly burdensome" objection, arguing that defendants have produced no factual background or explanation as to why or how production of this information would be burdensome.

The court agrees with the defendant that the requests, as drafted, are overly broad. See Fed. R. Civ. P. 26(b)(2).[1] With respect to Interrogatory No. 18, the defendants shall produce the requested information (including the information sought in subcategories a - g) with respect to any litigation based upon bad faith or negligence in claims handling or claims adjustment with respect to workers' compensation claims from 2000 forward wherein either defendant was found to have been negligent or acted in bad faith. As neither party has identified the applicable geographic "unit" responsible for denying plaintiff's claim, the information produced shall be limited to Iowa. With respect to Request No. 15, plaintiff's motion to compel is denied.

Motion for Extension of Time to Resist Summary Judgment

The plaintiff requests that he be given an additional 70 days from the date of the order ruling on his motion to compel to file his resistance to defendants' motion for summary judgment, which was filed on October 17, 2005. On December 5, 2005, the court granted plaintiff additional time to undertake reasonable discovery efforts in this matter and extended plaintiff's deadline to resist defendants' motion for summary judgment to February 20, 2006. The court also extended the deadline for the completion of discovery from March 13, 2006 to April 13, 2006. According to the motion, depositions have been scheduled, but the parties agreed that they should not be taken without having a ruling on plaintiff's motion to compel, so as to avoid potential duplicate efforts.

Trial is set in this matter for September 25, 2006. Extending the deadline as requested by the parties will still ensure that the summary judgment motion is fully submitted more than 120 days in advance of trial. The motion is granted as requested.

---

[1] The frequency or extent of use of the discovery methods otherwise permitted under these rules and by local rule shall be limited by the court if it determines that . . . the burden or expense or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

Plaintiff shall file his resistance to defendants' motion for summary judgment on or before May 8, 2006. No further extensions will be granted.

Upon the foregoing,

IT IS ORDERED that plaintiff's motion to compel (docket number 21) is granted and denied as set forth above. The joint motion for extension of time to resist summary judgment (docket number 28) is granted. Plaintiff shall file his resistance to defendants' motion for summary judgment on or before May 8, 2006. No further extensions of this deadline will be granted.

February 27, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT