# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LARRY ETTEN, | |
| Plaintiff, | No. C05-0083 |
| vs. | **ORDER** |
| U.S. FOOD SERVICE, INC., and MAC RISK MANAGEMENT, INC., | |
| Defendants. | |

_____

This matter comes before the court pursuant to plaintiff's May 8, 2006 motion for leave to file overlength brief in resistance to defendant's motion for summary judgment and in support of plaintiff's cross-motion for summary judgment (docket number 38), defendant's May 12, 2006 motion for extension of time for scheduling order deadlines of summary judgment responsive pleadings (docket number 42), and the May 12, 2006 pro se motion to quash subpoena by Keith A. Grossman (docket number 45).

Contrary to the parties' beliefs, the dispositive motion deadline in this matter was April 13, 2006, not May 29, 2006. See December 12, 2005 scheduling order and discovery plan (docket number 17). This deadline has never been extended. The summary judgment deadline is not 120 days prior to the trial date, but rather must be set in the scheduling order and discovery plan at least 120 days before the trial ready date. Thus, plaintiff's motion for summary judgment is untimely. Whether it will be stricken as untimely will be decided by Judge Reade. For now, plaintiff's motion to file overlength (docket number 38) brief is granted. The clerk shall detach and file plaintiff's brief.

With respect to defendant's motion for extension of summary judgment deadlines, defendant requests that its reply and resistance deadline be extended to June 23, 2006. Defendants argue that additional time is needed to complete the deposition of Mr. Keith Grossman and because the plaintiff disclosed a new expert (chiropractor Kenneth

1

Van Wyk). The plaintiff relies on testimony both of Grossman and Van Wyk in his summary judgment motion. The requested extension will allow defendants time to contact experts and obtain any needed reports, to complete Mr. Grossman's deposition, and to conclude any follow-up as needed.

The parties agreed that the expert disclosures would be made after the summary judgment deadline. Thus, defendants cannot claim surprise at finding themselves in exactly this situation. Defendants shall file their summary judgment reply and resistance on or before May 29, 2006. Plaintiff shall file his reply brief no later than June 5, 2006.

For his pro se motion to quash, Mr. Grossman complains that he was served with the subpoena at work, after he repeatedly asked defense counsel to serve him at home. Mr. Grossman further complains that defense counsel never contacted him prior to arbitrarily setting his deposition for May 23, 2006, and that he has been advised that a representative of defendant U.S. Food Service contacted his employer to ascertain his work schedule. Mr. Grossman contends that the deposition should not take place at the Livingston County Courthouse because he is a nurse employed by the county and does not want questions at his place of employment about why he is involved in a civil case. Mr. Grossman is worried that there could be a conflict of interest if a local court reporter is used. In sum, Mr. Grossman characterizes defense counsel's tactics in serving him with the subpoenaing for a deposition as unethical and harassing.

Defendants respond to Mr. Grossman's allegations as follows. Mr. Grossman was initially deposed in Illinois on April 7, 2006 at the request of plaintiff's counsel. Plaintiff's counsel requested that the deposition be adjourned and completed on another day due to the late hour. Defendant had no opportunity to question Mr. Grossman at his initial deposition. After conferring with plaintiff's counsel on several occasions regarding the resumption of Mr. Grossman's deposition, plaintiff's counsel advised that they would not schedule the deposition. The parties agreed on May 23, 2006 as the first date they had available for the deposition. Mr. Grossman was informed on May 1, 2006 and again sometime before May 7, 2006 of the date, time and place of his deposition. Defense

counsel tried to find a hotel conference room to accommodate defendant's deposition, but was unable to do so. The county courthouse was chosen as a convenient alternative for Mr. Grossman. Mr. Grossman was served at work because the process server, after being directed to first try to serve him at home, was unable to find Mr. Grossman at home. Defense counsel denies ever contacting Mr. Grossman's employer to inquire about his work schedule. Defense counsel perceives no conflict of interest in using a local court reporter.

Fed. R. Civ. P. 45(c) provides, in pertinent part that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. See also Fed. R. Civ. P. 45(c)(3)(A)(iv) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden.").

Mr. Grossman's motion to quash is denied. Counsel attempted to coordinate a convenient time for Mr. Grossman's deposition. In response, Mr. Grossman told defense counsel that "[i]f [she] insists on completing cross examination of my deposition, I guess she can issue a subpoena and I'll appear at trial." See docket number 43, page 8. This is exactly what defense counsel did. Defense counsel did instruct the process server to serve Mr. Grossman at home. Service was effectuated at Mr. Grossman's place of employment only because the server was unable to find Mr. Grossman at home. The court sees nothing improper about conducting the deposition at the local courthouse or using a local court reporter. Mr. Grossman has not complained that his deposition would constitute an undue burden. The motion to quash is denied.

Upon the foregoing,

IT IS ORDERED

1. Plaintiff's motion for leave to file overlength brief (docket number 38) is granted. The clerk shall detach and file the brief.

2. Defendants' motion for extension of summary judgment responsive pleadings (docket number 42) is granted insofar as defendants shall file their summary judgment

reply and resistance by May 29, 2006. Plaintiff shall file his reply brief no later than June 5, 2006.

    3.    Keith Grossman's pro se motion to quash subpoena (docket number 45) is denied. Mr. Grossman's deposition shall take place at the date, time, and location as set forth in the subpoena.

May 15, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT