**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| LARRY ETTEN, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. FOOD SERVICE, INC. and MAC RISK MANAGEMENT, INC., <br><br> Defendants. | No. 05-CV-83-LRR <br><br> **ORDER** |

_____

## I. INTRODUCTION

Before the court are Mr. Keith A. Grossman's pro se Objections (docket nos. 51 and 53) to Chief Magistrate Judge John A. Jarvey's Order (docket no. 48) denying Mr. Grossman's Motion to Quash Subpoena (docket no. 45). Defendants U.S. Food Service, Inc. ("U.S. Food") and MAC Risk Management, Inc. ("MAC") have resisted (docket nos. 52 and 54) reconsideration of Judge Jarvey's Order.

## II. PRO SE STATUS

The substance of the instant Order concerns a number of email messages Mr. Grossman has sent to the undersigned's government email account. In light of his pro se status, the court has directed the Clerk of Court to file the emails as motions, and the court has considered them as such. *Cf. Wishnatsky v. Rovner*, 433 F.3d 608, 610-11 (8th Cir. 2006) (counseling that pro se complaints should be construed more liberally than counseled pleadings) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) and *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996)). From now on, however, the court orders Mr. Grossman to file all future requests for court action, if any, directly with the Clerk of

Court. The court orders Mr. Grossman to stop sending the undersigned emails and to refrain from calling her chambers.

## II. PRIOR PROCEEDINGS & SUMMARY OF ARGUMENT

The court need not repeat the entire procedural history of this case here. For present purposes, the following truncated summary is sufficient:

On April 6, 2005, Plaintiff Larry Etten filed a Petition at Law against U.S. Food and MAC in the Iowa District Court in and for Linn County. Etten alleged a tort claim against his employer, U.S. Food, for bad-faith refusal to pay workers' compensation benefits.[1]

On May 6, 2005, U.S. Food removed the case to this court. U.S. Food invoked the court's diversity jurisdiction. Etten is a resident of Iowa; U.S. Food is a Delaware corporation with its principal place of business in Maryland. The amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) (setting forth diversity jurisdiction of federal courts).

Trial in this matter is set for September 26, 2006. The deadline for completion of discovery is August 8, 2006.

On May 12, 2006, Mr. Grossman submitted a pro se Motion to Quash Subpoena to the court. In his Motion to Quash Subpoena, Mr. Grossman complains that Attorney Donna Miller, counsel for Defendants, served him with a subpoena at work and arbitrarily set his deposition for May 23, 2006. Mr. Grossman contends that he "kindly" and "on numerous occasions" asked Attorney Miller to serve him at home, but Attorney Miller served him at work without attempting to serve him at home. Mr. Grossman further complains that a representative of U.S. Food contacted his employer for his work

---

[1] Although the Petition at Law named MAC as a defendant, it did not allege that MAC committed a tort and did not seek any damages against MAC.

schedule.

Mr. Grossman is a nurse employed by Livingston County, Illinois. The subpoena directs him to appear at the Livingston County Courthouse for the deposition. Mr. Grossman complains that his coworkers and employer might question why he is involved in a civil case if the deposition is taken at the Livingston County Courthouse. He is also concerned that he will know the court reporter and a conflict of interest might arise. That concern stems from the fact that, for many years, he was employed in the workers' compensation and insurance sectors in the area. In sum, Mr. Grossman complains that Attorney Miller is using "unreasonable," "un-ethicale" [sic] and "harassing" tactics. Mr. Grossman asks the court to quash the subpoena because of defense counsel's harassment. Mr. Grossman also claims the subpoena should be quashed because it was "now moot" because both parties had filed motions for summary judgment.

On May 15, 2006, Defendants filed a Resistance to Mr. Grossman's Motion to Quash Subpoena. Attorney Miller claimed that Mr. Grossman's allegations were "false, inflammatory, and wholly without merit." Defendants informed the court that Mr. Grossman was initially deposed in Illinois on April 7, 2006, at the request of Plaintiff's counsel. Plaintiff's counsel questioned Mr. Grossman for two-and-one-half hours, but then, due to the late hour, Mr. Grossman and Plaintiff's counsel agreed to let Attorney Miller conduct her cross-examination at a later date. Plaintiff's counsel initially ignored Attorney Miller's attempts to reschedule Mr. Grossman's deposition and then, on April 25, 2006, announced that he would not reschedule it. On April 28, 2006, the parties agreed that May 23, 2006, was the first possible date they had available to conduct the deposition. Before May 7, 2006, Plaintiff's counsel informed Mr. Grossman of the time, date and place of the deposition.

Attorney Miller states that she chose the Livingston County Courthouse as the

location for the deposition because it is in the town where Mr. Grossman works and would presumably be most convenient for him. Attorney Miller "made every effort" to find a conference room at a local hotel, but was unable to do so. Attorney Miller notes that, although Mr. Grossman is a county employee, Mr. Grossman does not work at the courthouse.

Attorney Miller claims she told the process server to serve Mr. Grossman at his residence; only if he was unsuccessful should he serve Mr. Grossman at work. The process server tried to serve Mr. Grossman at home, but was unable to do so. Defense counsel denies that she or anyone on behalf of U.S. Food called Mr. Grossman's employer to ask about him or his schedule.

Defendants admit that they have hired a local court reporter to report Grossman's deposition. Defendants state they have no concern, however, about a potential conflict of interest.

Defendants argue that Mr. Grossman has not shown that the deposition is being taken "in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress him." Defendants contend that fundamental notions of fairness and due process permit them to cross-examine Mr. Grossman. Plaintiff intends to rely on Mr. Grossman's prior deposition testimony in subsequent proceedings, and Defendants simply want the opportunity to cross-examine him. If Plaintiff is permitted to ask Mr. Grossman questions, so too should Defendants.

On May 15, 2006, Chief Magistrate Judge John A. Jarvey denied Mr. Grossman's Motion to Quash Subpoena. Judge Jarvey wrote:

> Fed. R. Civ. P. 45(c) provides, in pertinent part that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. *See also* Fed. R. Civ. P. 45(c)(3)(A)(iv) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden.").

Mr. Grossman's motion to quash is denied. Counsel attempted to coordinate a convenient time for Mr. Grossman's deposition. In response, Mr. Grossman told defense counsel that "[i]f [she] insists on completing cross examination of my deposition, I guess she can issue a subpoena and I'll appear at trial." See docket number 43, page 8. This is exactly what defense counsel did. Defense counsel did instruct the process server to serve Mr. Grossman at home. Service was effectuated at Mr. Grossman's place of employment only because the server was unable to find Mr. Grossman at home. The court sees nothing improper about conducting the deposition at the local courthouse or using a local court reporter. Mr. Grossman has not complained that his deposition would constitute an undue burden. The motion to quash is denied.

*Etten v. U.S. Food Serv., Inc.*, No. 05-CV-83-LRR (May 15, 2006) (docket no. 48).

On May 16, 2006, Mr. Grossman requested that the undersigned reconsider Judge Jarvey's Order. Mr. Grossman complains that "[t]o proceed with the deposition would result in severe emotional distress and create additional undo [sic] financial burden to me." Grossman points out that he is scheduled to work at the time of the deposition. He claims that the location of the deposition is "another attempt by Donna Miller and the firm of Frefe & Sidney [sic] to harass, intimidate and otherwise terrorize me." Grossman also requests that the court appoint counsel to represent him at no cost because his "legal rights are being abused."

On May 19, 2006, Mr. Grossman supplemented his request that this court reconsider Judge Jarvey's Order. Mr. Grossman adds that "Ms. Miller has refused to

5

provide [him] with specific documents which support my personal knowledge of this case in an effort to sabotage my credibility." He asks the parties to give him "a list of the questions they plan on asking" and "a copy of [his] original deposition . . . so that [he] can study the materials to be prepared emotionally" and "[t]o avoid possible Character Assassination." Mr. Grossman also requests to move the date, place and time of his deposition to May 22, 2006 or May 26, 2006 after 2:00 p.m. "at a mutually agreeable location other than the Livingston County Courthouse."

On May 19, 2006, Defendants filed a Supplemental Resistance to Request for Reconsideration of Motion to Quash. Defendants reiterate their view that Mr. Grossman's allegations against Attorney Miller are false. Defendants point out that if the deposition is held as scheduled, Mr. Grossman will only miss two hours of work.

### III. STANDARD OF REVIEW

Because Mr. Grossman requests that the undersigned review Chief Magistrate Judge John A. Jarvey's Order denying Grossman's Motion to Quash Subpoena, the court will treat his emails as Objections to a magistrate judge's order brought pursuant to Federal Rule of Civil Procedure 72.

"Federal Rule of Civil Procedure 72 contains two different standards for reviewing an order of a federal magistrate judge." *Benedict v. Zimmer*, 232 F.R.D. 305, 313 (N.D. Iowa 2005). Rule 72(a), which governs "pretrial matter[s] not dispositive of a claim or defense of a party," directs the court to consider objections to a magistrate's ruling and "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Rule 72(b), which governs "pretrial matter[s] dispositive of a claim or defense of a party," requires *de novo* review. Fed. R. Civ. P. 72(b).

The resolution of a motion to quash a subpoena is clearly a nondispositive matter.

6

*Chesher v. Allen*, 122 Fed. Appx. 184, 187 (6th Cir. 2005); *Highfields Capital Mgmt, L.P. v. Doe*, 385 F. Supp. 2d 969, 970 (N.D. Cal 2005); *Stacey v. Caterpillar, Inc.*, 901 F. Supp. 244, 246-47 (E.D. Ky. 1995). Therefore, the court shall not review Judge Jarvey's order denying Mr. Grossman's Motion to Quash Subpoena *de novo*, but shall instead simply inquire as to whether it was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

A finding is clearly erroneous when "'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Zimmer*, 232 F.R.D. at 314 (quoting *Gateway, Inc. v. Companion Prods., Inc.*, 384 F.3d 503, 507-08 (8th Cir. 2004)). "Stated another way, "[t]o be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *United States v. Sanders*, 424 F.3d 768, 778 (8th Cir. 2005) (quoting *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001) and *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1998)). If there are two permissible views of the evidence, the court's findings of fact cannot be clearly erroneous. *Sanders,* 424 F.3d at 778 (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

## IV. THE MERITS

The court finds there is nothing clearly erroneous or contrary to law about Judge Jarvey's Order denying Mr. Grossman's Motion to Quash Subpoena. Judge Jarvey was free to disbelieve Mr. Grossman's allegations and find that Attorney Miller served him in a reasonable matter and attempted to arrange a mutually convenient time and place for the resumption of his deposition. Setting aside Mr. Grossman's histrionics, Defendants did not subpoena Mr. Grossman to "harass" or "terrorize" him, but rather to preserve their rights to complete the prior deposition and to cross-examine him.

7

The court agrees that Mr. Grossman has not demonstrated an undue burden that would warrant quashing the subpoena. Fed. R. Civ. P. 45(c); *see, e.g., Pointer v. DART*, 417 F.3d 819, 822 (8th Cir. 2005) (outlining reasons that might justify quashing of subpoena). Being part of a lawsuit is not often a pleasurable experience. Missing some work and having others know that one is involved in a lawsuit are often part-and-parcel of the process. Judge Learned Hand once wrote that "I must say that, as a litigant, I should dread a lawsuit beyond almost anything short of sickness and death." *Foley v. Argosy Gaming Co.*, 688 N.W.2d 244, 249 (Iowa 2004) (citing Learned Hand, *The Deficiencies of Trials to Reach the Heart of the Matter*, Address Before the N.Y. City Bar Ass'n (Nov. 17, 1921), *in* 3 *Lectures on Legal Topics*, 89, 93 (1926)). If every potential witness complained, as Mr. Grossman does, that attending a deposition amounted to "harassment" and "terrorism," the entire civil justice system would come crashing to a halt. Mr. Grossman does not have the right to dictate the particulars of the subpoena to Defendants or this court.

Accordingly, because there is nothing clearly erroneous or contrary to law about Judge Jarvey's Order, the court shall overrule Mr. Grossman's Objections and deny his Motion to Quash Subpoena.

The court shall also deny Mr. Grossman's request for court-appointed counsel. Mr. Grossman has not shown that he is indigent. Even if the court were to assume that Mr. Grossman is indigent, he is not entitled to court-appointed counsel to represent him at his deposition. "There is no constitutional or statutory right for an indigent to have appointed counsel in a civil case." *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (citing *Randall v. Wyrick*, 642 F.2d 304, 307 n.6 (8th Cir. 1981) and *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980)).

## V. DISPOSITION

**IT IS THEREFORE ORDERED:**

(1) Keith A. Grossman's pro se Objections (docket nos. 51, 53) are **OVERRULED**;

(2) Mr. Grossman's Motion to Quash Subpoena (docket no. 45) is **DENIED**; and

(3) Mr. Grossman is ordered to file all future requests for court action, if any, directly with the Clerk of Court. The court orders Mr. Grossman to stop sending the undersigned emails and refrain from calling her chambers.

**IT IS SO ORDERED.**

**DATED** this 19th day of May, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Copies mailed on:** mem 05.19.06

**to counsel of record or pro se parties as shown on docket and other parties listed here:**