# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LARRY ETTEN, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. FOOD SERVICE, INC. and MAC RISK MANAGEMENT, INC., <br><br> Defendants. | No. 05-CV-83-LRR <br><br> **ORDER** |

_____

Before the court is the Motion for Reconsideration of Court's Denial of Summary Judgment and Request for Oral Argument ("Motion") (docket no. 78), filed by Defendants U.S. Food Service, Inc. and MAC Risk Management, Inc. Although Plaintiff has not filed a resistance and the time for doing so has not passed, the court finds it is appropriate to rule on the Motion without waiting for a resistance. LR 7.1(e).

Defendants contend that the court misapplied Iowa law and mischaracterized Defendants' arguments in its August 4, 2006 Order ("Order") (docket no. 74), in which the court denied Defendants' Motion for Summary Judgment. Defendants also ask the court for oral argument on the instant Motion.

Defendants' request for oral argument is denied. Oral argument is not necessary for the court to rule on the Motion.

In the Motion, Defendants challenge a number of the court's statements in footnote five of the Order ("Footnote Five"). The crux of Defendants' Motion is that the court improperly rejected the "general directed verdict rule," which Defendants contend has been the law of Iowa since 1991, when the Iowa Supreme Court decided *Reuter v. State*

*Farm Mutual Automobile Insurance Co.*, 469 N.W.2d 250 (Iowa 1991). Defendants make clear that, contrary to the court's representations in Footnote Five, they do not believe *Bellville v. Farm Bureau Mutual Insurance Co.*, 702 N.W.2d 468 (Iowa 2005), changed Iowa bad-faith law in any respect. *Cf. Niver v. Travelers Indem. Co.*, 412 F. Supp. 2d 966, 980-82 (N.D. Iowa 2006) (rejecting argument that *Bellville* established new law).

Defendants' complaint about the Order is essentially a terminological one. The court agrees with Defendants that, *as a general rule*, under Iowa common law "'the insurer should be entitled to a directed verdict in its favor on the insured's bad faith claim unless the insured is entitled to a directed verdict in his favor on the policy claim.'" *Bellville*, 702 N.W.2d at 474 (quoting Stephen S. Ashley, Bad Faith Actions Liability & Damages § 5.04, at 5-17 to 5-18 (2d ed. 1997) ("Ashley Treatise")). The court understood Defendants in their Motion and their Reply, however, as making a stronger argument: namely, that the insurer is *automatically* entitled to a directed verdict in its favor on the insured's bad faith claim unless the insured is entitled to a directed verdict in his favor on the policy claim. For example, in their brief in support of their Motion, Defendants wrote:

> [W]hile these arguments are raised in the form of a summary judgment motion, the inferences to be drawn from the evidence are more analogous to the analysis for directed verdict. As the Iowa Supreme Court recognized [in *Bellville*], unless the court is willing to grant [a] directed verdict to the insured, Defendants are entitled to a directed verdict. Thus, the court is obligated to draw every legitimate inference in favor of the nonmoving party—in this case Defendants.

Defendants' Memorandum In Support of Resistance [sic] to Motion for Summary Judgment (docket no. 7-4, at p. 6).

It is this stronger argument in Defendants' brief that the court labeled the "general

2

directed verdict rule" in Footnote Five and rejected. On further consideration, the court agrees with Defendants that this label may be somewhat misleading; it may be better to call the stronger argument the "directed verdict rule" (as the Iowa Supreme Court labeled it in *Reuter*) or the "automatic directed verdict rule" (as Defendants now suggest). Regardless of the label given to the stronger argument, however, the substance of the argument remains the same.

As the court pointed out in Footnote Five, the Iowa Supreme Court rejected the stronger argument in *Reuter*. *See Reuter*, 469 N.W.2d at 254 ("We do not agree that the mere denial of a plaintiff's motion for directed verdict [on the policy claim] automatically establishes that the issue is 'fairly debatable.' The trial court should carefully review the facts and the particular circumstances in making its determination as to what is the precise issue or issues that are debatable.") As Defendants now point out, the Iowa Supreme Court reaffirmed its adherence to the conclusion of *Reuter* in *Bellville*. Immediately after it quoted the broad language of the Ashley Treatise, the Iowa Supreme Court cited *Reuter* as in accord with the Ashley Treatise and stated in a parenthetical that the "existence of [a] submissible jury question on [the] insured's entitlement to policy benefits will generally, though not automatically, establish that the issue is fairly debatable." *Bellville*, 702 N.W.2d at 454.

Defendants state nothing in their Motion that leads the court to a different conclusion regarding their Motion for Summary Judgment. Defendants urge the court to apply precisely the same standard that it applied in the Order. Accordingly, the court shall deny the Motion.

The court has considered all of the other arguments in the Motion not specifically addressed above and also finds that they lack merit.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration of

Court's Denial of Summary Judgment and Request for Oral Argument ("Motion") (docket no. 78) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 1st day of September, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA