IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

LARRY ETTEN,

    Plaintiff,

vs.

U.S. FOOD SERVICE, INC. and MAC RISK MANAGEMENT, INC.,

    Defendants.

No. 05-CV-83-LRR

**ORDER**

_____

Before the court is the Conditional Motion to Certify Questions of Law and Request for Oral Argument ("Motion") (docket no. 77), filed by Defendants U.S. Food Service, Inc. and MAC Risk Management, Inc. Although Plaintiff has not filed a resistance and the time for doing so has not passed, the court finds it is appropriate to rule on the Motion without waiting for a resistance. LR 7.1(e).

Defendants' request for oral argument is denied. Oral argument is not necessary for the court to rule on the Motion.

In the Motion, Defendants ask the court to certify five questions of law to the Iowa Supreme Court.[1] The Motion was filed on the condition that the court did not grant

---

[1] The five questions are:

1. In *Bellville v. Farm Bureau Mutual Ins. Co.*, 702 N.W.2d 468 (Iowa 2005) did the Court adopt a general directed verdict rule to gauge or test the legal sufficiency of evidence in a first-party bad faith claim?

2. In *Reuter v. State Farm Mutual Ins. Co.*, 469 N.W.2d 250 (Iowa 191) [sic], did the

(continued…)

Defendants' Motion for Reconsideration of their Motion for Summary Judgment. On September 1, the court denied Defendants' Motion for Reconsideration.

The court shall deny the Motion. Local Rule 83.1 governs the certification of questions of law. It provides:

> When a question of state law may be determinative of a cause pending in this court and it appears there may be no controlling precedent in the decisions of the appellate courts of the state, any party may file a motion to certify the question to the highest appellate court of the state. The court may, on such motion or on its own motion, certify the question to the appropriate state court.

LR 83.1; *see also* Iowa Code § 684A.1 (2005) (permitting Iowa Supreme Court to receive certified questions of law from a federal district court under same circustances). Whether

---

<sup>1</sup>(…continued)
Court adopt or reject a general directed verdict rule to gauge or test the legal sufficiency of evidence in a first-party bad faith claim?

3. For purposes of determining the legal sufficiency of evidence in a first-party bad faith claim, is the insured required to prove that there are no facts before the insurer, which, if believed, would justify denial of the claim?

4. For purposes of determining the legal sufficiency of evidence in a first-party bad faith claim, can a court properly weigh conflicting evidence or adjudge whether the insurer correctly evaluated the evidence or must a court decide whether evidence exists and whether that evidence constitutes a reasonable ground for denial of the claim?

5. For purposes of determining the legal sufficiency of evidence in a first-party bad faith claim, does the Court require the insurer to view the coverage determining facts in the light most favorable to the insured?

a federal district court should certify questions of law to a state's highest court is "committed to the sound discretion of the district court." *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

As Defendants conceded in their Motion to Reconsider and the court recognized in its September 1, 2006 Order denying the same, the legal issues in this case are guided by controlling precedent. *See, e.g., Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 473-74 (Iowa 2005); *Reuter v. State Farm Mut. Auto. Ins. Co.*, 469 N.W.2d 250, 251 (Iowa 1991). Therefore, certification is not appropriate. LR 83.1. Accordingly, the court shall deny Defendants' Motion.

Even if certification were appropriate, the court would exercise its discretion not to grant certification in this case for four reasons. First, the facts giving rise to this case occurred over three years ago. Certifying questions would only increase this delay. Second, Defendants had ample time—including three weeks after the court denied their Motion for Summary Judgment—to file a motion to certify questions but did not do so. Third, the Motion was filed at a very late stage in these proceedings. Trial is approximately three weeks away. Lastly, Defendants removed this case to this court and chose to have a federal forum resolve this dispute instead of a state forum.

**IT IS THEREFORE ORDERED** that Defendants' Conditional Motion to Certify Questions of Law and Request for Oral Argument (docket no. 77) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 1st day of September, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA